UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FLETCHER SMALL,

           Plaintiff,

v.

UNKNOWN BROCK,

           Defendant.
_____/

Case No. 1:19-cv-348

Honorable Gordon J. Quist

## ORDER

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In an opinion and judgment (ECF No. 6, 7) issued on June 4, 2019, the Court dismissed Plaintiff's complaint because it failed to state a claim. This matter is presently before the Court on Plaintiff's motion for reconsideration (ECF No. 8), which the Court construes as a timely motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

As the Sixth Circuit summarized in *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See GenCorp*, 178 F.3d at 834; *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995) (and cases cited therein); Charles A. Wright et al., 11 Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995).

In his complaint, Plaintiff alleged only that, in December 2018, Defendant Brock told Plaintiff, "We gone kill you." (Compl., ECF No. 1, PageID.3.) Plaintiff asserted that Defendant Brock then waved his prison knife to indicate how he was going to kill Plaintiff. The Court concluded that Defendant's single oral threat to harm Plaintiff did not rise to the level of an Eighth Amendment violation.

Plaintiff does not allege any further facts supporting his claim. He merely refers the Court to *Parrish v. Johnson*, 800 F.2d 600 (6th Cir. 1986). He contends that, in *Parrish*, the Sixth Circuit held that the waving of a knife at a prisoner was sufficient to state an Eighth Amendment claim.

The facts in *Parrish*, however, involved a significant set of allegations against the wheelchair-bound plaintiff, including the waving of a knife directly in the face of the plaintiff, who could not easily move away. Most particularly, *Parrish* involved allegations that both plaintiffs, including the one confronted by a waved knife, were routinely left in deplorable hygienic conditions, including sitting in their waste for hours, suffering sporadic assaults, verbal degradation, and acts of malfeasance and nonfeasance by the defendant. Here, in contrast, Plaintiff alleges no specific facts other than Defendant made a single threat and waved his knife at an unknown distance from Plaintiff.

As the Court discussed in its June 4, 2019, opinion, allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* Even the occasional or sporadic use of racial slurs, although

unprofessional and reprehensible, does not rise to a level of constitutional magnitude. *See Torres v. Oakland Cty.*, 758 F.2d 147, 152 (6th Cir. 1985).

In addition, not "every malevolent touch by a prison guard gives rise to a[n] Eighth Amendment] cause of action." *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). While the Supreme Court, in *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), held that significant injury is not a threshold requirement for an excessive force claim, the Court indicated that the "'core judicial inquiry' [is not] the extent of the injury," but "whether [the force used] was nontrivial and "was applied . . . maliciously and sadistically to cause harm.'" *Id.* at 39 (quoting *Hudson*, 503 U.S. at 7). Here, Plaintiff was not even touched. Defendant's threat was never acted on, nor does Plaintiff allege that Defendant harmed him in any other way. Under these circumstances, Plaintiff alleges nothing more than a threat to use force that, in the absence of any other conduct, must be deemed trivial.

Moreover, absent physical injury, a plaintiff's claim for emotional injuries is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id. See also Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008); *Taylor v. United States*, 161 F. App'x 483, 486-87 (6th Cir. 2007); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000). Plaintiff alleges no physical injury. As a consequence, his claim for emotional damages is barred.

For the reasons set forth in the Court's June 4, 2019, opinion and in this order,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (ECF No. 8) is **DENIED**.

Dated: June 28, 2019                                    /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE