UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLETCHER SMALL #162139,

       Plaintiff,

   vs.

UNKNOWN BROCK,

       Defendant.

_____/

Case No. 1:19–cv–348

Hon. Gordon J. Quist

**ORDER STAYING CASE AND REFERRAL TO
THE *PRO SE* PRISONER CIVIL RIGHTS LITIGATION
EARLY MEDIATION PROGRAM**

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint survived screening under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), therefore,

IT IS ORDERED that:

1.   This action is referred to the Pro Se Prisoner Civil Rights Litigation Early Mediation Program under Administrative Order 18–RL–091.

2.   This action is stayed for a period of one hundred twenty (120) days to allow plaintiff and defendant(s) an opportunity to participate in mediation to explore, with a neutral party, settlement opportunities for the dispute before the defendant(s) are formally served, an answer is filed, or the discovery process begins. This process is governed by the Mediation Protocol attached.

3.   Plaintiff is directed to show this order to the Assistant Resident Unit Supervisor (ARUS), or counselor, upon receipt, in order to view a video with more information regarding the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program. The ARUS (or counselor) must make arrangements for plaintiff to view the video within two business days.

4.   No other pleadings or papers may be filed, collection of the filing fee by the Michigan Department of Corrections is hereby suspended, and the parties may not engage in formal discovery during the 120 day stay.

5.   The 90–day period for the defendant(s) to be served under Federal Rule of Civil Procedure 4(m) is tolled.

6.   As soon as practicable, and no later than August 24, 2020, the Michigan Department of Attorney General, and counsel for other defendants, shall enter their limited appearance for purposes of the early mediation process. No defenses or objections, including lack of service, are waived as a result of the filing of the limited appearance.

7.   If any party is not a Michigan Department of Corrections employee, the Michigan Department of Attorney General shall provide to the ADR Administrator contact information for that party as soon as practicable, and no later than August 24, 2020.

8.   If any party seeks to have this case excluded from the prisoner early mediation program (if a party does not want to participate), that party must file a statement to exclude the case from mediation on or before August 24, 2020. Thereafter, the court will issue an order removing the case from mediation.

9.   If this case is excluded from mediation, or after mediation no settlement is reached, the stay will be lifted and collection of the filing fee will resume, and the 90–day time period for service under F.R.Civ.P 4(m) will begin, returning the case to the normal course of litigation.

IT IS SO ORDERED.


Dated:   August 3, 2020               __/s/ Phillip J. Green_____
                                      PHILLIP J. GREEN
                                      U.S. Magistrate Judge

## *PRO SE* PRISONER CIVIL RIGHTS LITIGATION
## <u>EARLY MEDIATION PROGRAM PROTOCOL</u>

## I.  PURPOSE

The purpose of the early mediation conference is to assist the parties in settling the case without the need for further court action.   The parties and the attorneys should be prepared to explain to the mediator the factual and legal issues involved.   The mediator may meet jointly with all parties, as well as separately and confidentially with each party and his or her attorney, to discuss the case and to obtain and present settlement offers or proposals. The documents filed or exchanged between the parties and the discussions and negotiations that occur during the mediation conference are confidential under Federal Rule of Evidence 408.   **Neither the mediator nor any party or attorney may inform the judges assigned to the case what was discussed or what offers were made during the mediation conference.**   The parties are strongly encouraged to take full advantage of the settlement opportunity provided by the mediation conference.   This requires that each party make a good faith effort to settle the case based on a fair and reasonable view of the facts and the law.

Service of process was not effected upon the defendant(s) before the early mediation conference.   Therefore, the defendant(s) are not required to answer or otherwise respond to plaintiff's complaint during the mediation process.

## II.  THE MEDIATOR

The mediator is an independent, neutral, and impartial attorney who is trained in mediation.   The mediator attempts to assist people involved in a conflict come to an agreement without further court action.

## III.  MEDIATOR AUTHORITY

The mediator has the authority to:

a.    <u>Conduct Telephone Conferences</u>

Before mediation, the mediator may contact the parties to arrange informal telephone conferences to discuss any issues concerning the mediation.   The mediator may contact the Michigan Department of Corrections, the Assistant Attorney General assigned to the case, and counsel for any other defendant to arrange this.   Telephone conferences are not required by the court and will only be scheduled at the mediator's request. Telephone conferences are confidential and will not be recorded or reported on the record.   The mediator can have *ex parte* communications with *pro se* parties and attorneys. Mediators may reference the court's website for detailed instructions regarding scheduling a telephone conference with a prisoner.

b.    <u>Request Additional Information</u>

The mediator may request additional information and documents concerning the case at any time before or during the mediation.

## IV.  WHO MUST ATTEND

a.    <u>Plaintiff</u>

Plaintiff will attend by video conference.   The Michigan Department of Attorney General shall arrange the video conference with the Michigan Department of Corrections (MDOC).

b.  <u>Non–MDOC Individual Defendants</u>

Any non–prisoner, individual defendant who is not represented by the Michigan Department of Attorney General or MDOC must attend the mediation conference in person even if an attorney has entered a limited appearance on his or her behalf for the purpose of early mediation.   To facilitate the appearance of non–MDOC individual defendants, the Michigan Department of Attorney General shall provide to the ADR Administrator contact information for that party.

c.  <u>Representatives of Defendant State Agencies or Other Defendant Entities</u>

Representatives of MDOC and any other non–MDOC defendant who have the authority to settle the case are required to attend the mediation conference.  If the Assistant Attorney General believes that the presence of a particular MDOC representative would facilitate mediation, he or she would arrange for that person to attend the mediation conference.  In cases involving medical treatment, the Health Unit Manager must also attend the mediation if requested by the mediator.   The mediator may also require other representatives of MDOC or other defendant entities to attend the mediation or be available by other means, if the mediator believes their involvement will facilitate mediation.

d.  <u>Attorneys</u>

Attorneys who are representing a defendant must attend the mediation conference.

## V.  PARTICIPANT SETTLEMENT AUTHORITY

Persons attending the mediation conference must have full authority to settle the case. If the defendant is a governmental agency or private entity, a person who has full authority (subject to any legally required approval) to settle the case on that defendant's behalf must attend the mediation conference.   If a defendant has insurance that may provide coverage for the claims, a representative of the insurance company with full settlement authority must attend the mediation conference.

## VI.  THE MEDIATION STATEMENT

A mediation statement is intended to provide the mediator with the necessary information to understand each party's position and to prepare for and properly conduct the mediation conference.   The mediator will be better able to assist in settling the case if the mediation statements provide concise, accurate, and straightforward information about the factual and legal issues in the case.  **Mediation statements must <u>not</u> be sent to judges assigned to the case.** After mediation ends, the mediator and ADR Administrator will shred the mediation statements to ensure confidentiality.

Each party's mediation statement is limited to five (5) pages and should contain the following information:

1.  A brief statement about the nature of the case; and

2.  A brief discussion of disputed factual, legal, damages, and evidentiary issues.

You may attach to your statement documents or exhibits that are **important** to key factual or legal issues, highlighted where necessary.   Exhibits are limited to five (5) pages.

## VII.  THE MEDIATION SUPPLEMENT

Each party is to submit a one or two (1–2) page "For Mediator's Eyes Only" **mediation supplement, but only to the ADR Administrator and <u>not the opposing side</u>**. The supplement

should contain:

> 1.    a discussion of the party's strongest points, and an honest discussion of the weakest points;
>
> 2.    realistic settlement options you believe would be fair, including both monetary and non–monetary solutions; and
>
> 3.    a brief discussion of anything else that is important for the mediator to know before starting the mediation.

## VIII.  SCHEDULING

a.   Order

The court will enter an order setting the date and time for the mediation conference and identifying the mediator assigned to the case.   Both parties will receive a copy of the order. When scheduling mediation conferences, efforts will be made to schedule as many as practicable considering the schedules of the mediators and state personnel.

b.   Rescheduling/Excused Attendance

Requests to reschedule mediation and to excuse attendance are not favored.   All persons attending the mediation conference are required to be present for the entire conference.   Any request to be excused from attending the mediation conference, and any extenuating circumstance requiring the court's attention must be made by motion to the referral judge at least fourteen (14) days before the mediation.

c.   Sanctions for Failure to Attend Mediation Conference

If a party or its attorney fails to have the necessary person(s) with settlement authority physically present during the mediation conference, the mediator may cancel the mediation conference.   The mediator will promptly notify the court of the reason for the cancellation, and the court will determine what if any sanctions may be appropriate.

## IX.  RESULTS

At the conclusion of the mediation conference, the results will be placed on the record. If the case settled, the terms of the agreement will be captured for the record.   If the case did not settle, the record will reflect that the case did not settle.

## X.  STATUS REPORT

No later than seven days after expiration of the 120–day stay, the Michigan Department of Attorney General must e–file a Status Report if no mediation was held.   The Report must identify the reason a mediation was not held, whether a mediation is scheduled for a future date, and whether the stay should be extended.   The Status Report may include any other information the Assistant Attorney General finds pertinent.

## XI.  AFTER MEDIATION

If the case has settled, the court will waive the remainder of the filing fee due and dismiss the case.   The court retains full authority to monitor the settlement agreement until all terms are fulfilled.

If the case did not settle, the court will lift the stay, resume the collection of the filing fee, and resume the 90–day time period for service under Federal Rules of Civil Procedure 4(m).