UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLETCHER SMALL,

        Plaintiff,

Case No. 1:19-cv-348

Hon. Gordon J. Quist

v.

UNKNOWN BROCK,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C § 1983 by Fletcher Small, a state prisoner in the custody of the Michigan Department of Corrections (MDOC). While plaintiff is currently incarcerated at the MDOC's Thumb Correctional Facility, the alleged incident occurred at the Muskegon Correctional Facility. Compl. (ECF No. 1, PageID.2-3; Opinion (ECF No. 6, PageID.27-28). Plaintiff alleged that defendant Officer Jason Brock threatened him on an unspecified date "[i]n December 2018". This matter is now before the Court on defendant Brock's motion for summary judgment for lack of exhaustion (ECF No. 32). The motion is unopposed.

    **I.**    **Background**

By way of background, this Court dismissed plaintiff's complaint on initial screening because he failed to allege an Eighth Amendment claim against defendant Brock. Opinion at PageID.27-28); Judgment (ECF No. 7). Plaintiff appealed. The Sixth Circuit Court of Appeals summarized plaintiff's claims as follows:

1

> In his complaint, Small alleges that, without provocation, Officer Brock brandished a knife, threatened to kill Small, and motioned in a manner suggesting how Brock would use the knife to kill Small. This occurred on several occasions, causing Small to seek "treatment and counseling" for "paranoia, mental distress, [and] psychological stress."

*Small v. Brock*, 953 F.3d 539, 540 (6th Cir. 2020). The Sixth Circuit concluded that plaintiff's complaint stated an Eighth Amendment claim, vacated this Court's decision dismissing the complaint, and remanded for further proceedings. *Id*. at 544.

## II. Defendant's motion for summary judgment

### A. Legal standard for summary judgment

Defendant seeks summary judgment because plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present

2

>significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically."  *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).  The trial court is required to "intelligently and carefully review the legitimacy of such unresponded-to motion" and cannot "blithely accept the conclusions argued in the motion."  *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).  However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact.  *Id*. at 405.

**B.     Failure to Exhaust**

**1.     Exhaustion requirement**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must first exhaust available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  One reason for creating prisoner grievance procedures

3

under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218. Finally, even if a prisoner complies with the grievance procedures, the grievance must give fair notice of the misconduct or mistreatment as measured against the claim alleged in the prisoner's complaint. *See Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006).

### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id*. at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id*. at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

4

*Id*. at ¶ R (emphasis in original).  The prisoner must send the Step I grievance to the appropriate grievance coordinator.  *Id*. at ¶ V.  If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator.  *Id*. at ¶ BB.  Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section.  *Id*. at ¶ FF.

  **C.**  **Discussion**

  Defendants reviewed plaintiff's grievance history as set out in an MDOC Step III Grievance Report (ECF No. 33-3).  Defendant identified one grievance which plaintiff filed with respect to this claim, Grievance MCF 2019-02-0096-28e ("96") (ECF No. 33-3, PageID.138-142).  In this grievance, plaintiff listed the date of the incident as "in December 2018."  Grievance 96 at PageID.141.  Plaintiff did not complete the portion of the grievance form which required him to state his attempts to resolve the issue prior to filing the grievance or explain why he did not attempt to resolve the issue.  *See* Policy Directive 03.02.130 ¶ P.  Rather, plaintiff stated in the grievance that defendant Brock threatened him and that he talked to Capt. King about the matter weeks or months later on February 8, 2019.  *Id*.  Plaintiff dated the grievance on February 10, 2019.  *Id*.  The MDOC received the grievance on February 11, 2019, and rejected it as an untimely submission at Step I.  *Id*. at PageID.142.  *See* Policy Directive 03.02.130 ¶ R.  The MDOC affirmed the rejection at Steps II and III.  Grievance 96 at PageID.138, 140.

  The record reflects that the MDOC rejected plaintiff's grievance as untimely. Plaintiff did not properly exhaust his claim against defendant Brock.  *See Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93.  Accordingly, defendant Brock's motion for summary judgment

5

should be granted.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that defendant Brock's motion for summary judgment (ECF No. 32) be **GRANTED** and that this case be **TERMINATED**.

Dated: July 13, 2021                              /s/ Ray Kent
                                                                 RAY KENT
                                                                 United States Magistrate Judge

**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.   All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.   *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).